IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>EUGENE LEZGUS and KATHY LEZGUS, )<br>  )<br>Defendants. )<br>_____ ) | Case No. _____ |

## **COMPLAINT**

1. Plaintiff, the United States of America, brings this civil action seeking a judgment against Defendants Eugene Lezgus ("Mr. Lezgus") and Kathy Lezgus ("Mrs. Lezgus") for (1) unpaid federal income tax liabilities owed for tax years 2009 and 2017; and (2) unpaid trust fund recovery penalties ("TFRPs") assessed against Defendants for the quarterly tax periods ending September 30, 2008, December 31, 2008, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, September 30, 2014, March 31, 2015, and June 30, 2015.

2. The United States also seeks a declaration that federal tax liens are enforceable against Defendants' property, including Defendants' residence that is located in Naples, Florida.

3. This action is authorized and requested by the Chief Counsel of the IRS, a delegate of the Secretary of the Treasury of the United States, and is commenced at the

direction of the Attorney General of the United States pursuant to 26 U.S.C §§ 7401 and 7403(a).

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

5. Defendants, who are husband and wife, reside in Collier County, Florida, which is within the jurisdiction of this Court.  Specifically, Defendants reside at 3255 13th Avenue SW, Naples, Florida 34117 (the "Subject Property").

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities accrued and continue to accrue in this district, Defendants reside in this district, and the Subject Property is located within this district.

## COUNT I: FEDERAL INCOME TAXES
### (Both Defendants)

7. Defendants filed joint federal income tax returns for tax years 2009 and 2017 but did not pay in full the taxes they reported.  For each of those years, a delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, assessed taxes, as well as applicable penalties and interest, on the dates and in the amounts shown below:

**Table 1:  Both Defendants -- Income Tax Assessments, Penalties, and Interest**

| Tax Year | Assessment Date | Amount | Type of Assessment | Balance Due* |
|---|---|---|---|---|
| **2009** | 1/10/2011 | $6,166.00 | Return filed and tax assessed | **$13,314.53** |
| | | $59.00 | Failure to pre-pay penalty | |
| | | $1,387.35 | Late filing penalty | |

|      |            |            |                              |            |
|------|------------|------------|------------------------------|------------|
|      |            | $277.47    | LATE PAYMENT PENALTY         |            |
|      |            | $224.69    | INTEREST                     |            |
|      | 3/5/2012   | $801.58    | LATE PAYMENT PENALTY         |            |
|      | 10/12/2015 | $1,380.60  | INTEREST                     |            |
|      |            | $462.45    | LATE PAYMENT PENALTY         |            |
|      | 3/6/2017   | $564.04    | INTEREST                     |            |
| **2017** | 11/19/2018 | $6,406.00 | RETURN FILED AND TAX ASSESSED | **$2,113.23** |
|      |            | $23.00     | FAILURE TO PRE-PAY PENALTY   |            |
|      |            | $60.72     | LATE PAYMENT PENALTY         |            |
|      |            | $46.02     | INTEREST                     |            |
|      |            |            | **Total: $15,427.76**        |            |

\* Total balance due as of August 17, 2020 includes further interest and statutory additions as allowed by law less any credits, including for payments received.

8. The assessments for tax years 2009 and 2017 were based exclusively on the taxes Defendants self-reported on the tax returns they filed.

9. A delegate of the Secretary of the Treasury properly gave notice to Defendants of the unpaid liabilities described in paragraph 7 and made demand for payment. Despite notice and demand for payment, Defendants have failed and refused to pay the entire amount of the liabilities described in paragraph 7.

10. Taking into account all payments, credits, and abatements, as of August 17, 2020, Defendants are jointly and severally liable for their unpaid income taxes, penalties, and interest for tax years 2009 and 2017 in the amount of $15,427.76, plus further interest and statutory additions thereon as allowed by law.

## COUNT II: TRUST FUND RECOVERY PENALTIES
### (Defendant Eugene Lezgus)

11. Federal law requires employers to withhold from their employees' wages federal income and Federal Insurance Contributions Act ("FICA") taxes and to pay over to the IRS those withholdings, along with the employers' own FICA taxes. 26 U.S.C. §§ 3102, 3111, and 3402. These are collectively referred to as "employment taxes."

12. Individuals who are required to collect and account for employment taxes and who nonetheless willfully fail to pay the trust fund portion (the amount withheld from employees' paychecks) over to the IRS are liable for TFRPs pursuant to 26 U.S.C. § 6672.

13. For the quarters ending September 30, 2008, December 31, 2008, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, September 30, 2014, March 31, 2015, and June 30, 2015 (hereinafter, collectively the "TFRP periods"), Defendant Eugene Lezgus was a person required to collect, truthfully account for, and pay over the employment taxes for Lezgus, Inc., a plumbing supply shop.

14. For each of the TFRP periods, Mr. Lezgus was president of Lezgus, Inc. As an officer of Lezgus, Inc., Mr. Lezgus exercised control over the affairs of the company.

15. Mr. Lezgus signed payroll tax returns for Lezgus, Inc. for numerous TFRP periods. Mr. Lezgus therefore had knowledge that employment taxes were owed by Lezgus, Inc.

16. For each of the TFRP periods, Mr. Lezgus was an authorized signer for Lezgus, Inc.'s bank account.

17. For each of the TFRP periods, Lezgus, Inc. failed to pay the employment taxes it owed.

18. On information and belief, and in light of his position of authority within the company and his involvement in its finances and tax return preparation, Mr. Lezgus had knowledge that the employment taxes owed by Lezgus, Inc. were not paid.

19. Despite having knowledge of the unpaid taxes and the authority and ability to pay them, Mr. Lezgus signed checks on behalf of Lezgus, Inc. to pay other expenses, including, on information and belief, payments to himself.

20. Therefore, for each of the TFRP periods at issue, Mr. Lezgus willfully failed to comply with the obligation to collect, truthfully account for, and pay over the employment taxes of Lezgus, Inc.

21. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against Mr. Lezgus the trust fund portion of the unpaid employment taxes owed by Lezgus, Inc. for the TFRP periods at issue as follows:

Table 2: Mr. Lezgus -- Assessed Trust Fund Recovery Penalties

| TAX QTR. | ASSESSMENT DATE | AMOUNT | TYPE OF ASSESSMENT | BALANCE DUE* |
|---|---|---|---|---|
| 9/30/2008 | 8/23/2010 | $13,912.70 | TFRP | **$17,747.99** |
| | 10/12/2015 | $2,461.06 | INTEREST | |
| | 3/6/2017 | $862.43 | INTEREST | |
| 12/31/2008 | 8/23/2010 | $14,026.40 | TFRP | **$20,470.56** |
| | 10/12/2015 | $2,477.87 | INTEREST | |
| | 3/6/2017 | $867.22 | INTEREST | |
| 3/31/2011 | 7/15/2013 | $11,224.68 | TFRP | **$14,917.99** |

5

|            |            |             |          |              |
|------------|------------|-------------|----------|--------------|
|            | 10/12/2015 | $782.84     | INTEREST |              |
|            | 3/6/2017   | $631.97     | INTEREST |              |
| 6/30/2011  | 7/15/2013  | $10,396.52  | TFRP     | $13,792.85   |
|            | 10/12/2015 | $723.90     | INTEREST |              |
|            | 3/6/2017   | $584.32     | INTEREST |              |
| 9/30/2011  | 7/15/2013  | $8,426.27   | TFRP     | $11,178.93   |
|            | 10/12/2015 | $586.72     | INTEREST |              |
|            | 3/6/2017   | $473.56     | INTEREST |              |
| 12/31/2011 | 7/15/2013  | $9,346.12   | TFRP     | $12,399.30   |
|            | 10/12/2015 | $650.76     | INTEREST |              |
|            | 3/6/2017   | $525.28     | INTEREST |              |
| 3/31/2012  | 7/15/2013  | $9,059.47   | TFRP     | $12,019.02   |
|            | 10/12/2015 | $630.80     | INTEREST |              |
|            | 3/6/2017   | $509.17     | INTEREST |              |
| 6/30/2012  | 7/15/2013  | $8,708.10   | TFRP     | $11,552.85   |
|            | 10/12/2015 | $606.34     | INTEREST |              |
|            | 3/6/2017   | $489.41     | INTEREST |              |
| 9/30/2012  | 7/15/2013  | $7,017.82   | TFRP     | $9,310.42    |
|            | 10/12/2015 | $488.65     | INTEREST |              |
|            | 3/6/2017   | $394.43     | INTEREST |              |
| 9/30/2014  | 11/9/2015  | $6,103.63   | TFRP     | $7,576.65    |
|            | 3/6/2017   | $305.98     | INTEREST |              |
| 3/31/2015  | 11/9/2015  | $3,007.48   | TFRP     | $3,721.66    |
|            | 3/6/2017   | $150.75     | INTEREST |              |
| 6/30/2015  | 10/19/2015 | $1,796.42   | TFRP     | $1,903.91    |
|            | 7/12019    | $7.65       | INTEREST |              |
|            |            |             | TOTAL:   | $136,592.07  |

*Total balance due as of August 17, 2020 includes further interest and statutory additions as allowed by law less any credits, including for payments received.

22. A delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to Mr. Lezgus of the proposed assessments described in paragraph 21 as well as notice of the assessments, and also made demand for payment of the amounts assessed. Despite notice and demand for payment, Mr. Lezgus has failed and refused to pay the entire amount of the liabilities described in paragraph 21.

23. Taking into account all payments, credits, and abatements, as of August 17, 2020, Mr. Lezgus owes $136,592.07 on account of the assessments for the TFRP periods at issue, plus interest and statutory additions thereon as provided by law.

### COUNT III: TRUST FUND RECOVERY PENALTIES
### (Defendant Kathy Lezgus)

24. The United States incorporates by reference paragraphs 11–12.

25. For the TFRP periods described in paragraph 13, Mrs. Lezgus was a person required to collect, truthfully account for, and pay over the employment taxes for Lezgus, Inc.

26. During each of the TFRP periods, Mrs. Lezgus was Secretary for Lezgus, Inc. As an officer of Lezgus, Inc., Mrs. Lezgus exercised control over the affairs of the company.

27. On information and belief, Mrs. Lezgus prepared payroll tax returns for Lezgus, Inc. Mrs. Lezgus's name and title appear in the signature section of Lezgus, Inc. payroll tax returns for numerous TFRP periods. Mrs. Lezgus also signed Lezgus, Inc. payroll tax return for one TFRP period. Mrs. Lezgus therefore had knowledge that employment taxes were owed by Lezgus, Inc.

28. For each of the TFRP periods, Mrs. Lezgus was an authorized signer for Lezgus Inc.'s bank account.

29. For each of the TFRP periods at issue, Lezgus, Inc. failed to pay the employment taxes it owed.

30. On information and belief, and in light of her position of authority within the company and her involvement in its finances and tax return preparation, Mrs. Lezgus had knowledge that the employment taxes owed by Lezgus, Inc. were not paid.

31. Despite having knowledge of the unpaid taxes and the authority and ability to pay them, Mrs. Lezgus signed checks on behalf of Lezgus, Inc. to pay other expenses, including, on information and belief, payments to herself.

32. Therefore, for each of the TFRP periods at issue, Mrs. Lezgus willfully failed to comply with the obligation to collect, truthfully account for, and pay over the employment taxes of Lezgus, Inc.

33. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed against Mrs. Lezgus the trust fund portion of the unpaid employment taxes owed by Lezgus, Inc. for the TFRP periods at issue as follows:

Table 3: Mrs. Lezgus -- Assessed Trust Fund Recovery Penalties

| TAX QTR. | ASSESSMENT DATE | AMOUNT | TYPE OF ASSESSMENT | BALANCE DUE* |
|---|---|---|---|---|
| 9/30/2008 | 8/23/2010 | $13,912.70 | TFRP | $17,721.17 (**) |
| | 11/9/2015 | $2,497.18 | INTEREST | |
| | 11/7/2016 | $600.28 | INTEREST | |
| 12/31/2008 | 8/23/2010 | $14,026.40 | TFRP | $20,470.56 |
| | 11/9/2015 | $2,515.90 | INTEREST | |
| | 11/7/2016 | $604.40 | INTEREST | |
| 3/31/2011 | 7/15/2013 | $11,224.68 | TFRP | $14,917.99 |
| | 11/9/2015 | $810.55 | INTEREST | |
| | 11/7/2016 | $440.45 | INTEREST | |
| 6/30/2011 | 7/15/2013 | $10,396.52 | TFRP | $13,792.85 |
| | 11/9/2015 | $749.52 | INTEREST | |
| | 11/7/2016 | $407.24 | INTEREST | |
| 9/30/2011 | 7/15/2013 | $8,426.27 | TFRP | $11,178.93 |
| | 11/9/2015 | $607.49 | INTEREST | |

|            | 11/7/2016 | $330.04    | INTEREST |              |
|------------|-----------|------------|----------|--------------|
| 12/31/2011 | 7/15/2013 | $9,346.12  | TFRP     | **$12,399.30** |
|            | 11/9/2015 | $673.80    | INTEREST |              |
|            | 11/7/2016 | $366.09    | INTEREST |              |
| 3/31/2012  | 7/15/2013 | $9,059.47  | TFRP     | **$12,019.02** |
|            | 11/9/2015 | $653.13    | INTEREST |              |
|            | 11/7/2016 | $354.87    | INTEREST |              |
| 6/30/2012  | 7/15/2013 | $8,708.10  | TFRP     | **$11,552.85** |
|            | 11/9/2015 | $627.80    | INTEREST |              |
|            | 11/7/2016 | $341.10    | INTEREST |              |
| 9/30/2012  | 7/15/2013 | $7,017.82  | TFRP     | **$9,310.42**  |
|            | 11/9/2015 | $505.95    | INTEREST |              |
|            | 11/7/2016 | $274.89    | INTEREST |              |
| 9/30/2014  | 11/9/2015 | $6,103.63  | TFRP     | **$7,574.98** (**) |
|            | 5/16/2016 | $103.15    | INTEREST |              |
|            | 5/14/2018 | $523.09    | INTEREST |              |
| 3/31/2015  | 11/9/2015 | $3,007.48  | TFRP     | **$3,721.66**  |
|            | 5/16/2016 | $50.83     | INTEREST |              |
|            | 5/14/2018 | $257.75    | INTEREST |              |
| 6/30/2015  | 6/5/2019  | $1,796.42  | TFRP     | **$1,903.91**  |
|            | 7/1/2019  | $7.65      | INTEREST |              |
|            |           |            | **TOTAL:** | **$136,563.58** |

*Total balance due as of August 17, 2020 includes further interest and statutory additions as allowed by law less any credits, including for payments received.

** Defendants' balances due for each tax quarter is identical except for two quarters. The balances due for tax quarter 9/30/2008 ($17,747.99 for Mr. Lezgus and $17,721.17 for Mrs. Lezgus, a difference of $26.82) and 9/30/2014 ($7,576.65 for Mr. Lezgus versus $7,574.98 for Mrs. Lezgus, a difference of $1.67) are slightly different, even though the original TFRP assessment is the same for each Defendant for these tax quarters, because of the manner in which the IRS assessed and calculated fees and interest for each Defendant. The United States seeks a joint and several judgment for the lesser amount owed among the two Defendants for simplicity and in light of the *de minimis* difference.

    34.    A delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to Mrs. Lezgus of the proposed assessments described in paragraph 33 as well as notice of the assessments, and also made demand for payment of the amounts assessed. Despite notice and demand for payment, Mrs. Lezgus

9

has failed and refused to pay the entire amount of the liabilities described in paragraph 33.

35. Taking into account all payments, credits, and abatements, as of August 17, 2020, Mrs. Lezgus owed the total sum of $136,563.58 on account of the assessments for the TFRP periods at issue, plus interest and statutory additions thereon as provided by law.

### COUNT IV: DECLARATORY JUDGMENT – FEDERAL TAX LIENS
### (Both Defendants)

36. The United States seeks a declaratory judgment that the federal tax liens against Defendants are valid and enforceable against the Subject Property.

37. The legal description of the Subject Property is:

> East 150 Feet of Tract 12, Golden Gate Estates, Unit No. 27, according to the plat thereof as recorded in plat book 17, page 17, public records of Collier County, Florida.
>
> Parcel Identification Number: 37980760006

38. Federal tax liens arose on the dates of assessments detailed in paragraphs 7, 21 and 33 and attached to all of Defendants' property and rights to property.

39. A delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien with the Collier County Clerk of Courts as follows:

**Table 4: Mrs. Lezgus -- Notices of Federal Tax Liens Filed**

| TAX PERIOD(S) ENDING | TYPE OF TAX | DATE OF FILING | DEFENDANT(S) |
|---|---|---|---|
| September 30, 2008; December 31, 2008 | TFRP | March 15, 2013 | Eugene Lezgus |
| September 30, 2008; December 31, 2008 | TFRP | March 15, 2013 | Kathy Lezgus |
| December 31, 2009 | Income (1040) | March 15, 2013 | Eugene Lezgus; Kathy Lezgus |
| March 31, 2011; June 30, 2011; September 30, 2011; December 31, 2011; March 31, 2012; June 30, 2012; September 30, 2012 | TFRP | September 4, 2013 | Eugene Lezgus |
| March 31, 2011; June 30, 2011; September 30, 2011; December 31, 2011; March 31, 2012; June 30, 2012; September 30, 2012 | TFRP | September 4, 2013 | Kathy Lezgus |
| September 30, 2014; March 31, 2015 | TFRP | December 28, 2016 | Eugene Lezgus |
| September 30, 2014; March 31, 2015 | TFRP | September 25, 2018 | Kathy Lezgus |
| December 31, 2017 | Income (1040) | April 1, 2019 | Eugene Lezgus; Kathy Lezgus |

40. The United States is entitled to a judgment declaring that the federal tax liens against Defendants are valid; that they attach to all of Defendants' property,

11

including the Subject Property; and that the liens are enforceable such that the United States can collect against all of Defendants' property, including the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

  A.  That the Court enter judgment in favor of the United States and against Defendants, jointly and severally, in the amount of $15,427.76 as of August 17, 2020, plus interest and statutory additions thereafter as provided by law, for unpaid income tax liabilities for tax years 2009 and 2017;

  B.  That the Court enter judgment in favor of the United States and against Defendants, jointly and severally, in the amount of $136,563.58 as of August 17, 2020, plus interest and statutory additions thereafter as provided by law, for unpaid trust fund recovery penalties for quarterly tax periods ending September 30, 2008, December 31, 2008, March 31, 2011, June 30, 2011, September 30, 2011, December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, September 30, 2014, March 31, 2015, and June 30, 2015;

  C.  That the Court determine, declare, and adjudge that federal tax liens attach to and are enforceable against the Subject Property to the extent of the liabilities described in this complaint; and

  D.  That the Court award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Date: August 20, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:
*/s/ Christopher J. Coulson*
CHRISTOPHER J. COULSON
New York Bar Number 5162383
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0061
Facsimile: (202) 514-4963
Christopher.J.Coulson@usdoj.gov

*Of Counsel*

MARIA CHAPA LOPEZ
United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States

## DEFENDANTS
Eugene Lezgus and Kathy Lezgus

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Collier
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher J. Coulson, US DOJ Tax Division, PO Box 14198, Ben Franklin Station, Washington, DC 20044
202-353-0061

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

Click here for: Nature of Suit Code Descriptions.

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
26 U.S.C. 7402

Brief description of cause:
Suit to reduce tax liabilities to judgment and declaratory judgment that federal tax liens are enforceable

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 151,991.30

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 08/20/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Christopher J. Coulson

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | ) | |
|---|---|---|
| United States | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 2:20-cv-00644 |
| | ) | |
| Eugene Lezgus and Kathy Lezgus | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Eugene Lezgus
3255 13th Avenue SW
Naples, Florida 34117

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Christopher J. Coulson
U.S. Department of Justice, Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
202-353-0061

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:20-cv-00644

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | ) |
|---|---|
| United States | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2:20-cv-00644 |
| Eugene Lezgus and Kathy Lezgus | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Kathy Lezgus
3255 13th Avenue SW
Naples, Florida 34117

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Christopher J. Coulson
U.S. Department of Justice, Tax Division
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
202-353-0061

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 2:20-cv-00644

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: